UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY JOEL JUDY,
an individual,

        Plaintiff,

vs.

PINELLAS COUNTY,
a Political Subdivision of the
State of Florida,
b/d/a TROPICANA FIELD

        Defendant.

CASE NO.: 8:12cv1386 27TGW

## COMPLAINT

Plaintiff, JEFFREY JOEL JUDY ("Mr. Judy" or "Plaintiff") through his undersigned counsel, hereby files this Complaint and sues PINELLAS COUNTY, a Political Subdivision of the State of Florida, d/b/a Tropicana Field, for injunctive relief, damages, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("Americans with Disabilities Act" or "ADA") and pursuant to 29 U.S.C. § 794 *et seq.* (Rehabilitation Act) and states as follows:

### JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, (see also 28 U.S.C. § 2201 and § 2202), and for Plaintiff's claims arising from 29 U.S.C. §794 *et seq.* (Rehabilitation Act). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 1.02, Local Rules of the United States District Court for the Middle District of Florida.

1



3. Plaintiff, Mr. Judy, is a resident of Lee County in the State of Florida.

4. Mr. Judy was severely injured in a motorcycle accident and is paralyzed from the waist down. Mr. Judy, a T8-T9 paraplegic, is also a double leg amputee and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities such as walking and standing and requires a wheelchair for mobility.

6. Defendant, Pinellas County is a Political Subdivision of the State of Florida (hereinafter referred to as "Pinellas County" or Defendant). Upon information and belief, Pinellas County owns and administers the programs and activities offered at Tropicana Field, generally located at 1 Tropicana Drive, St. Petersburg, Florida 33705 ("the Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9. Pinellas County is a public entity, subject to the ADA, which owns and administers the programs and activities at Tropicana Field. The Property is home to events such as Tampa Bay Devil Rays Baseball Games.

10. Mr. Judy is a Devil Rays fan and enjoys watching and attending Devil Rays games. Mr. Judy last visited the Property in June of 2012 to attend a Tampa Bay Devil Rays versus New York Mets Baseball Game. Mr. Judy plans to return to the Property in the near future to watch the Devil Rays play.

11. During his last visit, Mr. Judy experienced serious difficulty accessing the programs and activities therein due to the architectural barriers discussed herein. For instance, Mr. Judy had difficulty parking his vehicle, traversing the route to the entrance, using the restrooms, purchasing food and beverages at concession counters, using the tables and maneuvering around the stadium.

12. Mr. Judy continues to desire to visit the Property to utilize the programs and activities there, (to watch live baseball games), but fears that he will once again encounter serious difficulty due to the barriers to access which still exist at the Property.

13. Mr. Judy plans to and will visit the Property in the future as a patron who enjoys live baseball and also to determine if the barriers to access alleged herein have been modified for greater wheelchair access.

14. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

15. The Defendant has discriminated against Plaintiff, Mr. Judy, by denying him full access to the services, programs, and/or activities by failing to make its Property, Tropicana Field, readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 et. seq.

16. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities for live viewing of events. Plaintiff has personally experienced numerous barriers to access on the

3

Property, as discussed herein.

17.   Mr. Judy has observed, encountered, and/or experienced numerous discriminatory barriers to access at Tropicana Field. These barriers include, but are not limited to, the following violations which Plaintiff personally encountered:

A.   Plaintiff had difficulty utilizing the parking designated for disabled use due to excessive slopes within the parking spaces and their access aisles;

B.   Plaintiff had difficulty utilizing the routes between the parking designated as accessible and the stadium entrance due to excessive slopes and cross slopes;

C.   Plaintiff had difficulty utilizing the service and concession counters throughout the stadium due to excessive height for wheelchair use;

D.   Plaintiff had difficulty utilizing the tables and seating provided at the food and beverage concession areas due to a lack of designated accessible tables or seating;

E.   Plaintiff had difficulty utilizing the restrooms due in inaccessible stalls which were too small for wheelchair use and lacked proper turning radius;

F.   Plaintiff had difficulty utilizing the restrooms due to exposed pipes under sinks, amenities out of his reach range for a person in a wheelchair, toilet flush controls located on the narrow side of the stall, improper grab bar type and placement and high mirrors; and

G.   Plaintiff had difficulty navigating throughout the stadium due to routes with steep slopes and lack of proper handrails. Additionally, Plaintiff had

4

difficulty locating the elevators and wheelchair routes throughout the stadium due to lack of proper signage.

18. Defendant, a sophisticated property owner with significant resources, either knew or should have known of its lack of compliance with the ADA and Rehabilitation acts. Additionally, despite major renovations undertaken at the stadium in 1996 and 2006, many barriers to disabled access remain which prevent wheelchair users from fully utilizing the Property.

19. 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." Defendant has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

20. 28 C.F.R. § 35.150 (b)(1) and 28 C.F.R. § 35.15 (c) mandate that compliance with 28 C.F.R. Part 36 App. A or Uniform Federal Accessibility Standards (UFAS) shall be deemed to comply with Tile II of the ADA. Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) - sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

21. Defendant has discriminated against the Plaintiff by excluding him from participation in, and denying them the benefits of, the services, programs, and/or activities at its facility because of Plaintiff's disabilities, all in violation of 42 U.S.C. § 12132. Furthermore, Defendant continues to discriminate against the Plaintiff, and all those similarly

5

situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals.

22. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and/or activities of Defendant's facility, and has otherwise been discriminated against and damaged by Defendant because of the its ADA violations, as set forth above. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy Defendant, Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Defendant's facility in order to catalogue and cure all the areas of non-compliance with the Americans with Disabilities Act.

23. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

24. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

25. Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter Tropicana Field to make those facilities, and/or programs, and/or activities, readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility

6

until such time as Defendant cures its violations of the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

26. Plaintiff adopts and re-alleges the allegations contained in the preceding Paragraphs as if fully stated herein.

27. Plaintiff brings this claim against Defendant based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

28. The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

29. As set forth herein, Defendant has violated the Rehabilitation Act by intentionally excluding the Plaintiff, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and has otherwise subjected them to discrimination under, Defendant's programs and activities.

30. A non-exclusive list of Defendant's violations of the Rehabilitation Act and discriminatory conduct against the Plaintiff is evidenced by:

    A. denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and

7

       services offered by Defendant;

B.    by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendant's aids, benefits and services;

C.    making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant;

D.    failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

E.    excluding Plaintiff from participation in, and the benefits of, Defendant's services programs and activities as a result of Defendant's facility being inaccessible to or unusable by Plaintiff; and

F.    failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

31.    Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at Tropicana Field which Plaintiff is more likely than not going to encounter upon his future visits to the subject premises. Plaintiff brings this action:

A.    to redress injuries suffered as a result of Defendant's discriminatory actions and inactions set forth herein;

B.    to reasonably avoid further and future injury to Plaintiff as a result of

8

        Defendant's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

C.   to ensure Defendant's facility is accessible as required by the relevant applications of Titles II of the ADA.

D.   to be made whole and ensure future compliance; and

E.   to reasonably avoid future ADA and REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

32.   Only through a complete inspection of the premises and related facilities, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

33.   Upon reasonable belief, Defendant is the recipient of Federal Funds. As the recipient of federal funds, Defendant is liable for damages to the Plaintiff as a result of its acts and omissions constituting intentional discrimination.

34.   As set forth above, the Plaintiff has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by Defendant solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of Defendant's Rehabilitation Act violations set forth above.

35.   Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 29 U.S.C. §794(b).

36. Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the Plaintiff compensatory damages for Defendant's discriminatory actions.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

 i. That the Court declares that the Property owned and operated by DEFENDANT is in violation of Title II of the ADA and the Rehabilitation Act;

 ii. That this Court enter an Order enjoining DEFENDANT from continuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed to comply with Title II of the ADA and the Rehabilitation Act;

 iii. That this Court enter an Order directing DEFENDANT to alter and modify the Tropicana Field premises, facilities, services, activities, programs, and accommodations as appropriate to comply with Title II of the ADA and the Rehabilitation Act;

 iv. That this Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities so

|      |                                                                                                                                                                                                                        |
|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      | as to allow it to undertake and complete corrective procedures to make Tropicana Field's programs accessible to the disabled;                                                                                          |
| v.   | That this Court award PLAINTIFF an award of compensatory damages under the Rehabilitation Act as well as such further relief that the Court deems to be just and proper;                                               |
| vi.  | That this Court award PLAINTIFF his reasonable attorneys' fees, costs and litigation expenses incurred in prosecuting this action.                                                                                     |

Respectfully Submitted,
KU & MUSSMAN, P.A.
Attorneys for Plaintiff
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By: _____
Louis I. Mussman
(FL Bar #: 597155)
Brian T. Ku
(FL Bar # 610461)