UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY JOEL JUDY,

    Plaintiff,

vs.                              CASE NO 8:12-CV-01386-JDW-TGW

PINELLAS COUNTY,

    Defendant
_____/

## DEFENDANT PINELLAS COUNTY'S DISPOSITIVE MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Pinellas County, by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby moves to dismiss Plaintiff Judy's Complaint. As grounds therefore Pinellas County states as follows:

1. Plaintiff Judy lacks standing to bring this action because he has failed to allege sufficient facts in his Complaint to show "injury in fact" as required to pursue an action under Article III of the United States Constitution and the Americans with Disabilities Act of 1990, as amended ("ADA"). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Shotz v. Cates*, 256 F. 3d 1077, 1081 (11th Cir. 2001).

2. Plaintiff Judy fails to state a cause of action against Pinellas County in Count I of his Complaint brought under the Americans with Disabilities Act of 1990, as amended, because he has failed to allege sufficient facts indicating that he was denied the benefit of a program, service or activity administered by Pinellas County within Tropicana Field or sufficient facts to establish that Pinellas County otherwise discriminated against him. When

the words of a statute are plain, a court should look no further to determine the statute's meaning. *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F. 3d 1217, 1222 (11th Cir. 2001); *See also* 42 U.S.C. §12132.

3. Plaintiff Judy fails to state a cause of action against Pinellas County in Count II of his Complaint brought under the Rehabilitation Act because he has failed to allege sufficient facts indicating that he was denied the benefit of a program, service or activity administered by Pinellas County within Tropicana Field for which Pinellas County received financial assistance as required by the Rehabilitation Act. When the words of a statute are plain, a court should look no further to determine the statute's meaning. *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F. 3d 1217, 1222 (11th Cir. 2001); *See also* 29 U.S.C. § 794.

4. For the foregoing reasons, Pinellas County respectfully requests that this Court dismiss the Complaint in its entirety.

## MEMORANDUM OF LAW

**STATEMENT OF THE FACTS**

On June 22, 2012, Plaintiff, Jeffery Joel Judy (" Plaintiff Judy"), filed a Complaint against Pinellas County requesting declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to Title II of the Americans with Disabilities Act of 1990 (ADA) and the Rehabilitation Act. (Complaint P 1). Pinellas County did not own Tropicana Field when it was designed or constructed or own any real estate upon which Tropicana Field was built when physical construction commenced in 1986. (Exhibit A). Pinellas County does not administer any programs or activities offered at Tropicana Field, including but not limited to

Tampa Bay Rays baseball games. (Exhibit A). Plaintiff Judy alleged that he ". . . is a Devil Rays fan and enjoys watching and attending Devil Rays games," and that he ". . . last visited Tropicana Field in June of 2012." (Complaint P 10). Plaintiff Judy alleged that he "plans to return to the Property in the near future to watch the Devil Rays play." (Complaint at P 10). Plaintiff Judy alleged that he "experienced difficulty accessing programs and activities therein due to the architectural barriers discussed herein." (Complaint P 11). Plaintiff Judy alleged that Pinellas County has discriminated against him by "denying him full access to the services, programs and/or activities by failing to make its Property, Tropicana Field, readily accessible" (Complaint P 15). Tropicana Field is located in St. Petersburg, Florida and Plaintiff Judy's residence is in Lee County, Florida. (Complaint PP 3 and 6).

**ARGUMENT**

This Court should dismiss Plaintiff Judy's Complaint with prejudice because he lacks standing, and therefore subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) and because his Complaint fails to state a cause of action upon which relief can be granted pursuant to 12(b)(6).

**I.    The Complaint Should be Dismissed Because Plaintiff Judy Lacks Standing**

The burden is on the plaintiff to prove subject matter jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F. 2d 507, 511 (5th Cir. 1980). Where the jurisdictional attack is based on the face of the pleadings, the court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. *See Lamb v. Charlotte*

3

*County*, 429 F. Supp 2d 1302, 1305 (M.D. Fla. 2006). To survive a motion to dismiss for subject matter jurisdiction based on a factual attack, the nonmoving party must set forth specific facts beyond the pleadings. *See Garcia v. Copenhaver Bell & Associates*, 104 F.3d 1256 (11th Cir. 1997). As Pinellas County is also presenting a factual attack to the subject matter jurisdiction, this Court may consider matters outside the pleadings, and no presumption of truthfulness attaches to the allegations in the complaint. *See McMaster v. U.S.*, 177 F.3d 936, 940 (11th Cir. 1999); *Rosenkratz v. Markopoulos*, 254 F. Supp 2d 1250, 1252 (M.D. Fla. 2003); *Lamb*, 429 F. Supp 2d at 1306. The court may delve into the arguments asserted by the parties and the credibility of the evidence presented. *See id.* at 1260-61. When standing is challenged on a factual basis, the plaintiff must demonstrate that standing exists by a preponderance of the evidence. *See Rosenkratz*, 254 F. Supp. 2d at 1252. This burden means that a trial court can evaluate a jurisdictional claim even when material issues of fact exist. *Id.*

Plaintiff Judy's Complaint fails to allege standing based on a facial or factual attack. A plaintiff must allege sufficient facts in his initial pleading to establish standing. *Warth v. Seldin*, 422 U.S. 490, 517-8 (1975). Standing is not a pleading requirement, but rather "an indispensable part of the plaintiff's case." *Lujan*, 504 U.S. at 561. It is not sufficient for a plaintiff to argue that he "might later establish some 'set of undisclosed facts to support recovery." *Bell Atlantic*, 127 S.Ct at 1968. It is the burden of the party who seeks the exercise of jurisdiction in his favor to clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. *United States v. Hayes*, 515 U.S. 737, 743 (1995) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)) "It is not the role of the court to

speculate concerning the existence of standing nor to piece together support for the plaintiff." *Anderson v. Alpharetta*, 770 F.2d 1575 (1985).

Standing is evaluated at the time the plaintiff's complaint is filed. *See Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1253-54 (M.D. Fla. 2000). Standing to pursue injunctive relief is only attained if plaintiff alleges " a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). Standing is not to be "inferred argumentatively from averments in the pleadings, but rather must affirmatively appear on the record." *Id.* Similarly, standing cannot be based on general averments or conclusory allegations. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In this case, Plaintiff Judy alleged that he plans to return in the near future to watch the Rays play and that he desires a complete inspection to assure compliance with the ADA. Judy does not assert any specific facts from which the Court could infer any specific intention, plan or schedule to travel from Lee County, Florida to St. Petersburg to make a claim of future injury. *See Brother v. Rossmore Tampa Limited Partnership*, 2004 U.S. Dist. LEXIS 28524, No. 8-03-CV-1253-24MAP, 2004 WL 3609350 (M.D. Fla. Aug. 19, 2004). In *Brother*, a wheelchair-bound plaintiff sued the owner of a Tampa, Florida hotel under Title III of the Americans with Disabilities Act for defendant's alleged failure to remove structural barriers to access within the hotel. The plaintiff was a resident of Miami, Florida and visited Tampa, Florida for a church event. The court carefully examined the facts of the case and determined that the plaintiff lacked a specific intent to return to the defendant's property, a

5

requirement for the relief sought. Accordingly, the court dismissed the case for lack of subject matter jurisdiction.

The following district courts reached a similar result: *Brother v. Tiger Partner, LLC*, 331 F.Supp. 2d 1368, 1373 (M.D. Fla. 2004) (granting summary judgment against the plaintiff in a Title III ADA case and noting, "because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges a real and immediate--as opposed to a merely conjectural or hypothetical--threat of future injury" (citation omitted) ); *Brother v. CPL Invest., Inc.*, 317 F.Supp.2d 1358, 1369 (S.D. Fla. 2004) (discussing the fact that the plaintiff had filed over fifty Title III lawsuits in holding that the plaintiff's stated intent to return to the hotel sued was not credible); *Rosenkratz*, 254 F. Supp. 2d at 1253 (granting motion to dismiss Title III ADA case against hotel owner and finding "Plaintiff's future travel plans are just 'someday' intentions and lack any description of concrete plans or anything more definite than that he will travel to the Tampa Bay area in the next year or two probably. Plaintiff's 'future injury' is identical to the injury alleged in *Lujan* and, therefore. Plaintiff has failed to establish standing to bring this suit."); *Rodriguez v. Investco, LLC*, 305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004) (dismissing ADA plaintiff's case upon finding that plaintiff did not have a credible intent to return to the defendant's property, but instead, that plaintiff was "merely a professional pawn in an ongoing scheme to bilk attorney's fees from the Defendant.").

Where the objective facts and allegations presented in the Complaint fail to establish Judy's substantial likelihood of future injury, even sincere desires cannot overcome the constitutional defect in his case. An expressed desire is not enough, without more, to assert

an actual intent to return. *Tandy v. City of Wichita*, 380 F. 3d 1277 (10th Cir. 2004). To satisfy the standing requirements in Article III of the United States Constitution, Plaintiff Judy must demonstrate (1) that he has suffered an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, as the injury has to be fairly traceable to the challenged action of defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### A. Plaintiff Judy Does Not Allege a Concrete Particularized Injury in Fact

To satisfy the first prong of the standing test (concrete particularized injury) to warrant injunctive relief, a plaintiff must demonstrate a "real or immediate threat" that he will be wronged again. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "In the ADA context, a plaintiff must establish a likelihood of returning to the defendant's business to demonstrate a real threat of future harm." *Judy v. Pingue*, 2009 WL 4261389 (S.D. Ohio 2009); *see also Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) ("intent to return to the place of injury "some day" is insufficient . . ."). Factors to consider in determining a plaintiff's likelihood of return include: (1) plaintiff's proximity to defendant's property; (2) plaintiff's past patronage of defendant's property; (3) definitiveness of plaintiff's plan to return; and (4) plaintiff's frequency of travel near defendant's property. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Judy v. Pingue* 2009 WL4261389 (citing *D'Lil v. Stardust Vacation Club*, 2001 WL 1825832 (E.D. Cal 2001)).

### 1. Plaintiff Judy Does Not Allege Sufficient Proximity to Defendant's Property to Establish Standing

This Court should consider the proximity between Plaintiff Judy's residence and Defendant's property. A number of courts have held that a distance of more than 100 miles between a defendant's property and a plaintiff's residence weighs against finding a reasonable likelihood of future harm. *See Jones v. Sears, Roebuck & Co.*, 2006 WL 3437905 (E.D. Cal. 2006); *Judy v. Pingue* 2009 WL4261389; *see also Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004).

As the distance between a plaintiff's residence and the property increases, the likelihood of future harm decreases. *Molski v. Kahn Winery & AK Cellars, LLC*, 405 F.Supp.2d 1160, 1164 (C.D. Cal. 2005). In *Kahn*, the winery at issue was located 104 miles from the plaintiff's home. The court found that the "considerable distance between the plaintiff's residence and the winery weighed against finding a reasonable likelihood of future harm. Likewise, in *Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1309 (M.D. Fla. 2006), the court held that a plaintiff who lived 75 miles from the site in question lacked standing. In the instant case, Plaintiff Judy lives in Lee County and Tropicana Field is in St. Petersburg, Florida (more than 100 miles away). (Complaint PP 3 and 6). According to the case law aforementioned, this fact weighs against a finding of reasonable likelihood of future harm.

### 2. Plaintiff Judy Does Not Allege Sufficient Facts to Establish Past Patronage

"The lack of a history of past patronage seems to negate the pos*sibility of future injury at that particular location.*" *See Lamb*, 429 F. Supp. 2d at 1309; *Kahn Winery*, 405 F.

Supp. 2d at 1164. In *Lamb*, this Court relied on the fact that the plaintiff did not have frequent contact with the facility in finding that the plaintiff lacked standing. *Id.* Further, a plaintiff's failure to provide dates "casts doubt" on whether a plaintiff will ever patronize a location in the future. *Brown v. Grand Island Mall Holding, Ltd.*, 2010 WL 489531 (D. Neb. 2010). The plaintiff in *Brown* lacked standing where she failed to provide the dates and purposes of alleged prior visits to the defendant's mall. *Id.* In this case, Plaintiff Judy's Complaint fails to provide a single specific date for any alleged past visits. He alleged generally that he "last visited the Property in June of 2012 to attend a Tampa Bay Rays vs. New York Mets Baseball Game" and alleged generically that he "enjoys watching and attending Devil Rays games." (Complaint P 10). Plaintiff Judy did not allege any other visits with specificity. Non-specific allegations were held to be insufficient to establish standing in *Lamb*, *Kahn Winery* and *Brown*. This court should likewise dismiss Plaintiff Judy's Complaint.

### 3. Plaintiff Judy Did Not Allege Facts Sufficient to Establish A Definitive Plan to Return

"To establish standing, the plaintiff must put forth a definitive, uncontested intent to return before filing the Complaint. . ." *Disabled Patriots of Am., Inc. v. Trenton*, 2008 WL 4416459 (D.N.J. 2008). A plaintiff's vague desire to return to the defendant's business does not establish standing. *See, e.g. Access for Am., Inc. v. Associated Out Door Clubs, Inc.*, 2006 WL 1746890 (11th Cir. 2006) (unpublished opinion); *Tandy v. City of Witchita*, 380 F.3d 1277, 1288 (10th Cir. 2004); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (intent to return to place of injury "some day" is insufficient for standing). Here, Plaintiff

Judy alleged that he "plans to return to the Property in the near future to watch the Devil Rays play." (Complaint at P 10). This allegation does not demonstrate the requisite concrete and specific intent to return required for standing.

The instant case is similar to another Middle District case, *Lamb v. Charlotte County*, 429 F. Supp. 1302 (2006). In *Lamb*, the plaintiff lived 75 miles from the property in question and had no connection to the property. The plaintiff had been to the property only two times and stated no specific intent to return. The plaintiff had filed numerous lawsuits under Titles II and III of the ADA. The Court found that the plaintiff's allegations of intent to return to the property in question were not credible, and even if such intentions were credible, they lacked the specificity required to maintain a suit for injunctive relief. Therefore, this Court dismissed the Complaint. Likewise, this Court should dismiss Plaintiff Judy's Complaint because he did not plead specific intent to return.

A plaintiff's litigation history is relevant in determining whether the plaintiff intends to return to the defendant's property. *See Mandarin Touch Rest.*, 385 F. Supp. 2d at 1046 (2006); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368 (M.D. Fla. 2004). In *Brother*, the plaintiff professed an intent to return to all 54 of the properties that he had sued. Here, it is a matter of public record that the plaintiff has an extensive litigation history as a plaintiff in more than 50 lawsuits during the last five years across Ohio, Georgia, Maryland and Florida. Thirty-seven such lawsuits were filed in the Middle District of Florida. Two of them were filed the same day as the Complaint in this action. See complaints filed in *Judy v. Lancaster Partners*, 8:12cv01385 and *Judy v. Yunis*, 8:12cv01387. These facts bring into question the plausibility of Plaintiff's actual intent to return to Tropicana Field. *See Access 4 All, Inc. v.*

10

*Oak Spring, Inc.*, 2005 U.S. Dist. LEXIS 20218, *21 (M.D. Fla. 2005) (plaintiff's contention that he intended to return to 100 properties was found by the court to be "simply implausible and in any event is insufficient to evidence the required threat of future injury to establish standing."); *see also Brother v. CPL Inves., Inc.*, 317 F. Supp. 2d 1358 (S.D. Fla. 2004) (plaintiff lacked standing where he was involved in at least 50 other ADA cases); *see also Brother v. Rossmore Tampa, LLP*, 2004 U.S. Dist. LEXIS 28524 *15 (M.D. Fla. 2004) (the court questioned "how Plaintiff will find the time to return to [more than 70] places of public accommodation that he has sued, since that is a requirement in order for him to have standing to sue in those cases").

"Where a plaintiff lacks concrete plans to return, the Court must satisfy itself that a plaintiff's professed intent to return is sincere and supported by the facts." *Kahn*, 405 F. Supp. 2d at 1164. When a plaintiff files many ADA suits, their "litigation history can undercut the sincerity of his or her expressed intent to return." *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374-75 (M.D. Fla. 2004) (holding that "in view of his extensive litigation history, [plaintiff's] professed intent to return to the property is insufficient"). When combined with the vagueness of Plaintiff Judy's desire to return to Tropicana Field "in the near future" and Judy's extensive litigation history, Judy does not allege facts sufficient to establish a definitive plan to return to the property and therefore lacks standing.

### 4. Plaintiff Judy Does Not Allege Facts Sufficient to Establish Frequent Travel Near Tropicana Field

Failing to provide information regarding frequency of travel near the defendant's business weighs against finding that the plaintiff has standing. *Disabled Patriots of Am.*, at 1089. In the instant case, Plaintiff Judy does not allege that he frequently travels in the area near Tropicana Field. In addition, he lives more than 100 miles away from Tropicana Field; does not show any past patronage in the Complaint other than he "enjoys attending Devil Rays games"; and has alleged no definite plans to return to Tropicana Field. Although not necessary for this court to find that Plaintiff Judy lacks standing, all of the factors above weigh against a finding that Plaintiff Judy has alleged (facial attack) or can allege (factual attack based on the Complaint and extrinsic evidence) a concrete particularized injury. Therefore, the Complaint should be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff Judy Does Not Allege Facts Sufficient To Establish That Any Injury Is Fairly Traceable to the Challenged Action of the Defendant

Even if this Court found that Plaintiff Judy can allege a concrete, particularized injury, he has not sufficiently alleged that he was denied the benefit of a service, program or activity conducted by Pinellas County at Tropicana Field or that he was otherwise discriminated against by Pinellas County. Plaintiff Judy alleged that he "last visited the Property in June of 2012 to attend a Tampa Bay Devil Rays versus New York Mets Baseball Game," that he "experienced difficulty accessing the programs and activities" and that he "continues to desire to visit the Property to utilize the programs and activities there, (to watch live baseball games)." (Complaint PP 10, 11 and 12). Plaintiff Judy does not allege that the

baseball games are a program, service, or activity of Pinellas County. Plaintiff could not truthfully allege such because Tampa Bay Rays baseball games are not a program, service or activity of Pinellas County. (Exhibit A).

Plaintiff has also not pled that Pinellas County is responsible for otherwise discriminating against the Plaintiff. Pinellas County was not the owner of Tropicana Field in 1986 and did not design or construct it. (Exhibit A). In any event, Tropicana Field was designed and constructed before the effective date of the ADA in 1992. (Exhibit A). Plaintiff has not pled that Pinellas County made alterations or is responsible for making alterations to the areas where he alleged that he "experienced difficulty utilizing" and has not pled a policy, practice or procedure of Pinellas County for which he requested a modification. Plaintiff Judy has not alleged that he was denied the benefit of a program, service or activity administered by Pinellas County for which Pinellas County receives federal financial assistance. Therefore, he has not established an injury that is fairly traceable to Pinellas County. *See Judy v. Arcade*, 2011 U.S. Dist. LEXIS 9855 (D. Md. February 2, 2011) (finding lack of standing in the Title III context.)

Even if this Court were to find that Plaintiff Judy has alleged tester status (Pinellas County does not believe that tester status has been properly alleged), Pinellas County does not administer the activity for which he claims injury in fact, attending baseball games, and Plaintiff has not sufficiently and specifically alleged that Pinellas County is responsible for any unlawful discrimination. This prevents a finding that the injury is traceable to Pinellas County. Under a factual attack to standing, Plaintiff Judy has failed to establish subject matter jurisdiction because the injury is not traceable to the challenged action of the

13

defendant. A plaintiff must establish individualized proof of injury because each finding under the ADA requires proof as to each individual claimant's disability in order to properly limit the scope of the injunctive relief sought. *See Wooden v. Board of Regents of University Sys. of Georgia*, 247 F. 3d, 1262, 1284 (11th Cir. 2001) (injunctive relief requires real, not hypothetical injury).

### C. Plaintiff Did Not Allege Facts Sufficient to Show That Injury will be Redressed by a Favorable Decision

Plaintiff Judy has asked this Court to "grant Plaintiff's injunctive relief including an order to alter Tropicana Field to make those facilities, and/or programs, and/or activities, readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA" or to "close the facility until such time as Defendant cures its violations of the ADA). (Complaint P 5). Under the program access requirements, Pinellas County only has obligations to make facilities readily accessible, when programs are "viewed in their entirety." *See Shotz,* at 1080. As Pinellas County does not administer any programs or services at Tropicana Field, there was no legal obligation to make the facility accessible unless Pinellas County was responsible for new construction or alterations. This Court has held that "[i]n light of the ADA's plain language, the intentional discrimination evidenced when one fails to abide by ADA accessibility guidelines can only be the intentional discrimination of a person who designs and constructs a place of public accommodation or causes that design or construction to be done. *See Rodriguez v. Investco, LLC*, 305 F. Supp 2d at 1283. In *Rodriguez*, because the defendant purchased the facility in 2002 and had no involvement in the original design and construction of the facility, the court held that

14

unlawful discrimination based on design and construction was not present. *Id.* As Plaintiff Judy has not alleged that Pinellas County made alterations to the facility (only that renovations were made) or that Pinellas County is responsible for making alterations, such an order would not redress the alleged injury.

## II. Plaintiff Judy Fails to State a Claim Upon Which Relief Can Be Granted

Dismissal is also proper where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although, when reviewing a Rule 12(b)(6) motion, the courts accept well-pled allegations of the complaint as true and construe the facts and reasonable inferences in the light most favorable to the plaintiff, the Supreme Court has clarified that the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell v. Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Further, the Court set forth a plausibility standard in 12(b)(6) considerations, which allow the court to identify mere conclusory allegations that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L. Ed 2d 868 (2009). To survive a motion to dismiss, a plaintiff's complaint must have "facial plausibility." *Id.* at 1949. "If the allegations do not nudge the plaintiff's claims 'across the line from conceivable to plausible', the 'complaint must be dismissed'." *Twombly*, 550 U.S. at 547.

### A. Count I Fails to State A Claim Upon Which Relief Can Be Granted

As stated in *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001), to state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated against by such

15

entity; (3) by reason of such disability. In Count I of his Complaint Plaintiff Judy alleged a violation of Title II of the ADA. Plaintiff Judy's Complaint failed to allege facts sufficient to plead the second prong of the *Shotz* test. Plaintiff Judy alleged several times throughout his complaint that he has "experienced difficulty accessing the programs and activities" at Tropicana Field and that he "desires to visit the Property as a patron who enjoys live baseball, " and that Pinellas County has "discriminated against him by denying him full access to the services, programs and/or activities." (Complaint PP 11, 12, 13, 15, 16 and 22). However, Plaintiff Judy does not allege what program, service or activity is administered by Pinellas County. Plaintiff Judy alleged generally that Pinellas County administers programs at Tropicana Field. (Complaint P 6). Plaintiff Judy then alleged that the "Property is home to events such as Tampa Bay Devils Rays Baseball Games." This Court should not make inferences in Plaintiff's Complaint. Further, Plaintiff Judy's conclusory allegations that "Pinellas County discriminated by denying him full access" (Complaint P 15), is not specific enough to state a claim against Pinellas County where he does not link the specific program alleged, baseball games, to Pinellas County. Legal conclusions are not entitled to legal deference. *See Twombly*, 550 U.S. at 570. In *Shotz*, the plaintiff stated a cause of action because he set forth facts that demonstrated that the trial (acknowledged as a program or service of the public entity) was not readily accessible. Unlike the plaintiff in *Shotz*, Plaintiff Judy has not alleged a program or service administered by Pinellas County that is not readily accessible.

Additionally, Plaintiff Judy has failed to allege facts necessary to establish a claim that Pinellas County "otherwise discriminated against him." A court cannot rewrite an

16

inadequate complaint to plead essential allegations in order to sustain an action. *Pontier v. City of Clearwater, Fla.*, 881 F.Supp. 1565, 1568 (M.D. Fla. 1995). Plaintiff Judy did not allege that Pinellas County designed or constructed Tropicana Field. In any event, Tropicana Field was designed and constructed before the ADA was effective in 2002. (Exhibit A).

Plaintiff Judy generally alleged that "despite major renovations undertaken at the stadium in 1996 and 2006, many barriers to disabled access remain which prevent wheelchair users from fully utilizing the Property." However, Plaintiff does not allege that Pinellas County made the renovations or that the renovations were made to areas where he alleged that he "experienced difficulty," as required for a finding of unlawful discrimination. *See* 28 CFR § 35.151(b)(1). "A "facility or part of a part of a facility altered by, on behalf of, or for the use of a public entity" must only be "altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities." *Id.* Plaintiff Judy did not allege that Pinellas County is responsible for making alterations. Therefore, Plaintiff Judy has failed to allege any discrimination by Pinellas County based on alterations to Tropicana Field.

Plaintiff has not pled what policy, procedure or practice that Pinellas County is alleged to have not modified or that he requested such a modification. Nor did Plaintiff plead that he requested such a modification. As Plaintiff has not pled that he was denied the benefit of a program, service or activity administered by Pinellas County, has not pled that Pinellas County designed or constructed Tropicana Field, has not pled that Pinellas County made alterations to the areas where he alleged that he "experienced difficulty utilizing," has

17

not pled that Pinellas County is responsible for making alterations, and has not pled a policy, practice or procedure of Pinellas County for which he requested a modification, he has not stated a cause of action under Title II of the ADA. Conclusory allegations restating the statute are not enough. Therefore, this Court should dismiss Count I.

### B. Count II Failed to State A Cause of Action Upon Which Relief Can be Granted

In Count II of his Complaint Plaintiff Judy alleged a violation of the Rehabilitation Act. The Rehabilitation Act regulates discrimination against individuals with disabilities by public entities. *See* 29 U.S.C. § 794 (2011). Specifically, "no otherwise qualified individual with handicaps in the United States . . . shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." Plaintiff Judy alleged generally that Pinellas County administers programs at Tropicana Field. (Complaint P 6). Plaintiff Judy then alleged that the "Property is home to events such as Tampa Bay Devils Rays Baseball Games." Plaintiff Judy did not allege that the baseball games are a program, service, or activity of Pinellas County. Additionally, Plaintiff Judy has failed to allege facts necessary to establish that Pinellas County administers any program, service or activity that receives federal financial assistance. Plaintiff's general allegation that "upon information and belief, Pinellas County received federal funds," is not sufficient to state a claim under the Rehabilitation Act. *See* 29 U.S.C. § 794 (2011). Therefore, Count II should be dismissed.

## III. CONCLUSION

Plaintiff Judy's non-specific complaints are not the concrete particularized injury that create a true case or controversy. In order to have standing, a plaintiff must demonstrate a threat of future injury. The following factors weigh against Judy's likelihood of a future injury: (1) Plaintiff Judy lives more than 100 miles away from Tropicana Field; (2) Plaintiff Judy has not alleged frequent contact with the property; (3) Plaintiff Judy has not alleged any concrete specific intent to return to the property; (4) Judy has filed many similar lawsuits throughout a large geographic area and (5) Judy has evinced a desire to visit each of the many sites sued, despite the improbability of such statements. *See Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1310-11. Additionally, Plaintiff Judy lacks standing because he has not alleged unlawful discrimination traceable to Pinellas County. Public entities do not have an affirmative obligation to make every facility that they own accessible, but must only comply with the new construction or alteration requirements in effect at the time of the construction or alteration. See Appendix A to Part 35 – Guidelines to Revisions to ADA . Plaintiff Judy has not alleged that Pinellas County was or is responsible for design, construction or alterations to Tropicana Field.

Plaintiff Judy also failed to state a cause of action under Title II of the ADA and the Rehabilitation Act because he has not alleged facts sufficient to link unlawful discrimination to Pinellas County. For the foregoing reasons, Defendant, Pinellas County, respectfully requests than an Order be entered granting Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

*(signature)*

JEANNINE S. WILLIAMS, ESQ.
LEAD TRIAL COUNSEL
FOR PINELLAS COUNTY
Florida Bar Number 0190233
P.O. BOX 2842
St. Petersburg, Florida 33731
(727) 893-7401, phone
(727) 892-5262, fax
Jeannine.Williams@stpete.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brian T. Ku, Esquire at brian@kumussman.com and Louis I. Mussman, Esquire, at louis@kumussman.com.

*(signature)*

JEANNINE S. WILLIAMS
LEAD TRIAL COUNSEL
FOR PINELLAS COUNTY
Florida Bar Number 0190233
P.O. BOX 2842
St. Petersburg, Florida 33731
(727) 893-7401, phone
(727) 892-5262, fax
Jeannine.Williams@stpete.org